UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NOEL NEWTON HENRY,

       Plaintiff,

v.

UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES,

       Defendant.
_____/

No. 24-13298

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS [3], DENYING PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT [2], AND DISMISSING PLAINTIFF'S COMPLAINT**

Plaintiff Noel Newton Henry brings a pro se complaint against United States Citizenship and Immigration Services ("USCIS") in this Court, alleging wrongful deportation and seeking citizenship.[1] (ECF No. 1.) Plaintiff has also filed an application to proceed without prepaying fees or costs ("in forma pauperis" or "IFP") (ECF No. 3) and a motion for declaratory judgment (ECF No. 2). For the reasons below, the Court GRANTS Plaintiff's request to proceed IFP, DENIES his motion for declaratory judgment, and DISMISSES this case.

**I.    Plaintiff's Application to Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a court may authorize the commencement of a civil action without the prepayment of fees or costs if the applicant submits an affidavit demonstrating that he or she is "unable to pay such fees or give security therefor." Here,

---

[1] Plaintiff names the defendant as "United States Immigration and Customs Service." The Court assumes that he intends to sue USCIS.

1

Plaintiff's application indicates that he does not have any income or assets. Based on this affidavit, the Court grants Plaintiff's request to proceed IFP.

II.     **Plaintiff's Complaint**

    A.     **Legal Standard**

When a plaintiff establishes indigence, the district court must screen the complaint as mandated by Congress in 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled in part on other grounds by LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013). Specifically, the district court is obligated to dismiss a civil complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See* § 1915(e)(2)(B). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Moreover, "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).

    B.     **Analysis**

In a bare-bones complaint, Plaintiff states the following: "Plaintiff Noel Newton Henry is seeking for citizenship. Plaintiff was wrongful deport, gain citizenship under father Noel Newton Henry who had sole custody of Plaintiff before reaching the age of majority." (ECF No. 1, PageID.5.) These allegations fall far below the standard set forth in Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." And even when also

2

considering the allegations set forth in the contemporaneously filed motion for declaratory judgment, the Court still finds that this case should be dismissed.

In his motion, Plaintiff states that he was born in Jamaica but his father, who is a United States citizen, raised him after petitioning for him to come to the United States. (ECF No. 2.) Plaintiff has attached to the motion what appears to be an approved I-130 form filed on his behalf in 1987 when he was eleven years old and an "immigrant visa and alien registration" reflecting his admission in the United States the next year. Plaintiff asks the Court to declare that his father "had sole custody of [him] before [he] turned the age of majority."

Regarding this Court's jurisdiction, Plaintiff invokes diversity jurisdiction in his complaint and relies on the Declaratory Judgment Act in his motion. But federal agencies cannot be sued in diversity. *See Powell v. Nat'l Gen. Ins. Co.*, No. 20-cv-12294, 2020 U.S. Dist. LEXIS 267511, at *2 (E.D. Mich. Aug. 27, 2020) (citing cases). And the Declaratory Judgment Act only "provides courts with discretion to fashion a remedy in cases where federal jurisdiction already exists." *See One Beacon Ins. Co. v. Chiusolo*, 295 F. App'x 771, 775 (6th Cir. 2008) (citation omitted). It "does not provide an independent basis for jurisdiction." *Id.* at 775. Thus, Plaintiff has not identified a basis upon which this Court may exercise jurisdiction over his complaint.

To the extent Plaintiff claims he was wrongfully deported, this Court lacks jurisdiction over any such claim. District courts' jurisdiction over immigration matters is limited by statue. It is unclear whether removal proceedings were completed against Plaintiff, but only "the court of appeals for the judicial circuit in which the immigration

3

judge completed the proceedings" may review an order of removal. *See* 8 U.S.C. § 1252(b)(2).

And to the extent Plaintiff is attempting to obtain citizenship through his father, "[t]here are only two situations in which an individual may seek judicial review of a derivative citizenship claim."[2] *See Lainez v. Osuna*, No. 17 Civ.2278 (HBP), 2018 U.S. Dist. LEXIS 39152, at *7 (S.D.N.Y. March 8, 2018). "First, a person may raise such claim during the course of removal proceedings. If the claim is denied and all administrative appeals exhausted, the claimant may seek judicial review in the Court of Appeals." *See Boyd v. Immigr. & Customs Enforcement*, 344 F. Supp. 2d 869, 872 (E.D.N.Y. 2004) (citations omitted). "Second, a person may submit an application for a certificate of citizenship to [US]CIS on Form N-600. If the application is denied and all administrative appeals exhausted, the applicant may seek judicial review in a district court." *Id.* Here, it is unclear whether removal proceedings were completed or even initiated against Plaintiff, but to the extent that they were, this Court does not have jurisdiction over any citizenship claim. *See id.* And there is no indication that Plaintiff ever filed an application for a certificate of citizenship. Thus, Plaintiff fails to state a claim upon which relief may be granted for citizenship on that basis.

In sum, the Court lacks subject matter jurisdiction over the claims related to any deportation proceedings. To the extent a person may seek judicial review of a denial of

---

[2] There are also only "two limited circumstances" where an individual may seek judicial review of naturalization applications: where the "application is denied twice, first in an initial review and later in front of an immigration judge, or where there is significant untimeliness or administrative inaction by the government in reviewing the application." *See Ogunfuye v. Acosta*, 210 F. App'x 364, 366 (5th Cir. 2006) (citing 8 U.S.C. §§ 1421(c), 1447(b)). Plaintiff does not state that he ever applied for naturalization.

an application for a certificate of citizenship, Plaintiff has failed to state a claim upon which relief may be granted. Thus, this case is subject to dismissal under § 1915(e)(2)(B), and Plaintiff's motion for declaratory judgment is denied.

### III.     Conclusion

For the foregoing reasons, Plaintiff's application to proceed without prepayment of fees or costs is GRANTED, his motion for declaratory judgment is DENIED, and his complaint is DISMISSED without prejudice.

In addition, pursuant to § 1915(a)(3), this Court hereby certifies that an appeal may not be taken in forma pauperis because it would not be taken in good faith.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: January 23, 2025


CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 23, 2025, by electronic and/or ordinary mail.

s/Marlena Williams
Case Manager